

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 2:09cr 43 KS-MTP

THEDDIS MARCEL PEARSON
TELANDRA GAIL JONES
DUNK A. ELLIS, III
ALONZA WILLIAMS
COLLIE CRUTCHER
PATRICK ARNOLD
CASSANDRA THOMAS

18 U.S.C. § 286
18 U.S.C. § 1347
18 U.S.C. § 1035
18 U.S.C. § 641
18 U.S.C. § 1956(h)

**The Grand Jury charges**:

At all times relevant to this indictment:

1. The defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES** and **ALONZA WILLIAMS'**, owned and operated STATEWIDE PHYSICAL MEDICINE GROUP, INC., a business (clinic) which purported to provide in-home physical therapy services, sometimes referred to as physical medicine services, to Medicare and Medicaid patients in the Jackson and Moss Point, Mississippi areas and elsewhere. The defendant **ALONZA WILLIAMS'** ownership interest ceased at sometime in 2002.

2. The defendants, **DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD** and **CASSANDRA THOMAS**, were medical doctors who worked for STATEWIDE PHYSICAL MEDICINE GROUP, INC., as medical directors. It was the defendants, **DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD** and **CASSANDRA THOMAS,** role to prescribe physical therapy treatments for Medicare and Medicaid beneficiaries and to

review and sign off on the documentation of treatments rendered to Medicare and Medicaid beneficiaries.

## The Medicare Program

3. Medicare is a federal health benefit program which funds certain health care services provided to the elderly, blind, and disabled. The Program was created in 1965 pursuant to Title XVIII of the Social Security Act.

4. The Medicare Program includes coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B). Part B of the Program covers the cost of physician's services and other ancillary services not covered by Part A. Physical therapy services are covered by Part B.

5. The Centers for Medicare and Medicaid Services ("CMS") of the Department of Health and Human Services is responsible for administering the Medicare program. CMS contracts with Cahaba Government Benefit Administrators ("Cahaba GBA"), the regional fiscal carrier, to manage the Medicare program in the State of Mississippi. Cahaba GBA is responsible for overseeing the enrollment of medical providers and the processing of Medicare Part B claims for services rendered to Medicare beneficiaries in the State of Mississippi.

6. By becoming a participating provider in Medicare, enrolled providers agree to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, are required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors.

7. Upon certification, the medical provider, whether a clinic or an individual, is assigned a provider identification number for billing purposes (referred to as a "PIN"). When the medical provider renders a service, he/she submits a claim for reimbursement to the Medicare contractor/carrier which includes the PIN assigned to that medical provider. When an individual medical provider is associated with a clinic, both the individual provider number and the clinic number must be placed on the claim submitted to Medicare.

8. With respect to the claims billed by STATEWIDE PHYSICAL MEDICINE GROUP, INC., Medicare regulations related to physical medicine and rehabilitation require that the physician who bills for a service must be the physician who provided the service or, in limited circumstances, provided direct supervision over the performance of the service. Medicare Part B will pay for physical therapy services rendered incident to the service of a physician if: a) the services are rendered to noninstitutional patients in a noninstitutional setting; b) the services are an integral, though incidental, part of the service of a physician in the course of diagnosis or treatment of an injury or illness; c) the services are commonly furnished without charge or included in the bill of the physician; d) the services are of a type that are commonly furnished in the office or clinic of a physician; e) the services are furnished under the direct supervision of the physician; f) the service must be furnished by the physician, practitioner with an incident to benefit, or auxiliary person; and g) all other general coverage requirements are satisfied.

9. Physical therapy statutes, rules, and regulations were and are administered by the Mississippi State Board of Physical Therapy and prohibit any individual who is not properly licensed from practicing physical therapy within the State of Mississippi, in accordance with Section 73-23-35 of the Mississippi Code of 1972, Annotated.

**The Medicaid Program**

10. Medicaid is a federal and state cooperative health benefit program which funds certain health care services provided to eligible needy and low income persons. The Medicaid Program was created in 1965 pursuant to Title XIX of the Social Security Act. Medicaid is jointly financed by the federal and state governments and is administered by the individual state.

11. Under the Medicaid program, each individual state, pursuant to broad national guidelines established by federal statutes, regulations, and policies: (a) establishes its own eligibility standards; (b) determines the type, amount, duration, and scope of services; (c) sets the rate of payment for services; and (d) administers its own program. In Mississippi, the Medicaid program was enacted in 1969 (Section 43-13-101, *et seq.,* MS Code of 1972) through state legislation, and is administered by the Mississippi Division of Medicaid (DOM), Office of the Governor.

12. The DOM contracted with several companies to assist with the management of the Medicaid program, including the processing of claims and payments to providers for services rendered to Medicaid patients. From January 1, 2001 to September 30, 2003, DOM contracted with Electronic Data Systems (EDS), located at 111 East Capitol Street, Jackson, Mississippi. From October 1, 2003 to December 31, 2005, DOM contracted with Affiliated Computer Services (ACS), located at 385 Highland Colony Parkway, Ridgeland, Mississippi 39157.

13. By becoming a participating provider in Medicaid, enrolled providers agree to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicaid funds, enrolled providers, together with their authorized agents, employees, and contractors are required to abide by all the provisions of the Social Security Act, the

regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by the State of Mississippi.

14. Upon enrollment, the medical provider, whether an individual or clinic is assigned a provider number for billing purposes. When the medical provider renders a service, a claim is submitted for reimbursement to the Medicaid fiscal agent which includes the provider number assigned to that medical provider. When an individual medical provider is associated with a clinic, both the individual provider number and the clinic number must be placed on the claim submitted to Medicaid.

15. With respect to the claims billed by STATEWIDE PHYSICAL MEDICINE GROUP, INC., Medicaid regulations related to physical medicine and rehabilitation require that the physician who bills for a service must be the physician who provided the service or who provided direct supervision over the performance of the service, in accordance with both Federal laws, rules, and regulation, as well as, Section 73-23-35 of the Mississippi Code of 1972, Annotated.

16. Physical therapy statutes, rules, and regulations were and are administered by the Mississippi State Board of Physical Therapy and prohibit any individual who is not properly licensed from practicing physical therapy within the State of Mississippi.

### Billing Codes

17. Health care providers use a uniform system of coding to report professional services, procedures, supplies, and diagnoses. The American Medical Association (AMA) publishes the Current Procedural Terminology Manual (the "CPT Manual") which sets forth numerical codes ("CPT codes") for medical procedures. Each claim form must contain the five-digit CPT billing code identifying the service provided to a beneficiary on a particular date. The

CPT Manual defines the procedural and medical requirements that must be met in order to bill for a particular service, including, in some instances, the amount of time associated with each unit of a particular service.

18. In order to receive reimbursement for a covered service from Medicare, a provider must submit a claim form (e.g. a HFCA-1500 form) containing the required information appropriately identifying the provider, patient, and services rendered.

19. Services allegedly provided by STATEWIDE PHYSICAL MEDICINE GROUP, INC., and its employees were reported and claimed under various CPT codes, including but not limited to CPT codes 97110, 97124, 97140, and 97530. These CPT codes used routinely by STATEWIDE PHYSICAL MEDICINE GROUP, INC., have a 15-minute time element associated with the procedure being provided, such that each unit billed represented approximately 15 minutes of time spent with the patient providing the services which were billed under the respective procedure codes.

### The Physicians

20. In or around, June 2000, STATEWIDE PHYSICAL MEDICINE GROUP, INC., contracted or otherwise employed the defendant, **DUNK A. ELLIS, III,** to serve as medical director for the clinic.

21. In or around, September 2001, STATEWIDE PHYSICAL MEDICINE GROUP, INC., contracted or otherwise employed the defendant, **PATRICK ARNOLD,** to serve as a medical director for the clinic.

22. In or around, June 2002, STATEWIDE PHYSICAL MEDICINE GROUP, INC., contracted or otherwise employed the defendant, **CASSANDRA THOMAS**, to serve as a medical director for the clinic.

23.     In or around, October 2002, STATEWIDE PHYSICAL MEDICINE GROUP, INC., contracted or otherwise employed the defendant, **COLLIE CRUTCHER,** to serve as a medical director for the clinic.

24.     Beginning in or around January 2001, and continuing until in or around January 2005, all claims submitted by STATEWIDE PHYSICAL MEDICINE GROUP, INC., for physical therapy services, were submitted under the Medicare Provider Numbers of the defendants, **DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD** and **CASSANDRA THOMAS**.

25.     Defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS** and **ALONZA WILLIAMS,** by and through STATEWIDE PHYSICAL MEDICINE GROUP, INC., billed Medicare for physical therapy/physical medicine services claimed to have been rendered during the time period of approximately January 2001 through January 2005.

26.     Defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS** and **ALONZA WILLIAMS,** by and through STATEWIDE PHYSICAL MEDICINE GROUP, INC., billed Medicaid and for physical therapy/physical medicine services claimed to have been rendered during the time period of approximately June 2001 through December 2004.

## COUNT 1

27.     Beginning in or around June 2000, and continuing to in or around January 2005, in Forrest County in the Hattiesburg Division of the Southern District of Mississippi and

elsewhere, the defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS and ALONZA WILLIAMS**, and other persons known and unknown to the Grand Jury, knowingly and willfully entered into an agreement and a conspiracy with each other to defraud Medicare and Medicaid, by obtaining and aiding each other to obtain the payment of false, fictitious, and fraudulent claims.

28.   It was part of the conspiracy that the defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS and ALONZA WILLIAMS**, and other persons known and unknown to the Grand Jury, would file claims with Medicare and Medicaid by and through STATEWIDE PHYSICAL MEDICINE GROUP, INC., representing that the services billed for were provided by a physician, or under the direct supervision of a physician, when in fact, the services billed for were not provided by a physician, or under the direct supervision of a physician.

29.   It was further part of the conspiracy that the defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS and ALONZA WILLIAMS**, and other persons known and unknown to the Grand Jury, would file claims with Medicare and Medicaid by and through STATEWIDE PHYSICAL MEDICINE GROUP, INC., for time-based CPT codes that greatly exceeded the actual time spent with the patients by the persons providing the treatments. The defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS and ALONZA WILLIAMS**, and other persons known and unknown to the Grand

Jury, would routinely bill to Medicare and Medicaid between 5 and 9 hours (20 to 36 units) of services per treatment session, when in fact, the treatment session would last approximately 45 to 90 minutes (3 to 6 units).

30. It was further a part of the conspiracy that the defendants, **DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, and CASSANDRA THOMAS** would order a quantity of medical treatments for patients which they knew, or should have known, could not have been completed within the 45 to 90 minutes that each patient was routinely treated for.

31. It was further a part of the conspiracy that the defendants, **DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, and CASSANDRA THOMAS**, would order medical treatments for patients which they knew, or should have known, the employees of STATEWIDE PHYSICAL MEDICINE GROUP, INC., were not trained or otherwise qualified to render.

32. It was further a part of the conspiracy that the defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS and ALONZA WILLIAMS,** as well as other unindicted coconspirators, would intentionally represent to Medicare beneficiaries that they would not be charged for the co-payment that Medicare required beneficiaries to pay, and providers to collect, for the services provided by STATEWIDE PHYSICAL MEDICINE GROUP, INC.

33. During the conspiracy, the following billings were submitted by, and payments received by, STATEWIDE PHYSICAL MEDICINE GROUP, INC., which was owned and operated by the defendants **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES and ALONZA WILLIAMS**:

| STATEWIDE PHYSICAL MEDICINE GROUP, INC. | Billed | Paid |
|---|---|---|
| Medicare | $34,233,472.00 | $17,329,380.71 |
| Medicaid | $4,773,594.39 | $739,067.02 |
| Total | $39,007,066.39 | $18,068,447.73 |

All in violation of Sections 286 and 2, Title 18, United States Code.

## COUNTS 2-6

34. The Grand Jury realleges paragraphs 1 through 33 of Count 1 above and incorporates them herein.

35. It was the purpose of the scheme to fraudulently obtain money from Medicare by billing Medicare for physical therapy services that were:

    a) not rendered by a physician;

    b) not provided under the direct supervision of a physician;

    c) never actually provided or rendered; or

    d) otherwise not covered by Medicare.

36. It was a part of the scheme and artifice to defraud that the defendants **PEARSON** and **JONES** would submit claims to Medicare which were false and fraudulent in numerous ways, including but not limited to, the following:

    a) services were not provided by a physician, or under the direct supervision of a physician; or

    b) services were never provided/rendered.

37. Beginning in or around June 2000, and continuing to in or around January 2005, in Forrest County in the Hattiesburg Division of the Southern District of Mississippi and

elsewhere, defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud the Medicare program and to obtain by means of materially false and fraudulent pretenses, representations and promises, any of the money and property owned by, or under the custody and control of, the Medicare program in connection with the delivery of and payment for health care benefits, items and services, in violation of Section 1347, Title 18, United States Code, to wit; on or about the below listed dates, defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES**, submitted and caused to be submitted false and fraudulent claims to Medicare for the following physical therapy services:

| COUNT | PATIENT | Date of Service | Date of Claim | Medicare Claim No. | Units Billed |
|---|---|---|---|---|---|
| 2 | A | 03/23/2004 | 04/05/2004 | 0204096050120 | 19 |
| 3 | A | 03/25/2004 | 04/05/2004 | 0204096050130 | 19 |
| 4 | A | 04/06/2004 | 04/27/2004 | 0204118016060 | 19 |
| 5 | B | 03/24/2004 | 04/05/2004 | 0204096050020 | 30 |
| 6 | B | 04/19/2004 | 05/07/2004 | 0204128027680 | 30 |

All in violation of Sections 1347 and 2, Title 18, United States Code.

## COUNTS 7-11

38. The Grand Jury realleges paragraphs 1 through 33 of Count 1 above and incorporates them herein.

39. On or about the dates set forth below, in Forrest County in the Hattiesburg Division of the Southern District of Mississippi and elsewhere, defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES**, knowingly and willfully did conceal and cover up material facts in connection with the delivery of, and payments for, the delivery of health care services by the defendants to the Medicare program, to wit: defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES**, represented on claims submitted to Medicare, on the dates specified below, that the services reflected on such claims had been provided by a physician or under the direct supervision of a physician, when, in truth and in fact, defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES**, knew, or should have known, that the services billed for by STATEWIDE PHYSICAL MEDICINE GROUP, INC., were not provided by a physician or under the direct supervision of a physician, as required by Medicare:

| COUNT | Patient | Date of Service | Date of Claim | Medicare Claim No. | Units Billed |
|---|---|---|---|---|---|
| 7 | A | 04/08/2004 | 04/27/2004 | 0204118016070 | 19 |
| 8 | B | 04/27/2004 | 05/19/2004 | 0204140032610 | 30 |
| 9 | B | 06/21/2004 | 07/26/2004 | 0204208286280 | 30 |
| 10 | C | 03/09/2004 | 03/22/2004 | 0204082052580 | 25 |
| 11 | D | 04/16/2004 | 04/27/2004 | 0204118015650 | 30 |

All in violation of Sections 1035 and 2, Title 18, United States Code.

## COUNT 12

40. The Grand Jury realleges paragraphs 1 through 33 of Count 1 above and incorporates them herein.

41. Beginning in or around January 2001, and continuing without interruption until or around January 2005, in Forrest County in the Hattiesburg Division of the Southern District of Mississippi and elsewhere, the defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS and ALONZA WILLIAMS,** aided and abetted by each other and others known and unknown to the Grand Jury, did steal, purloin, and knowingly convert to their own use more than $1000 in funds belonging to the United States by receiving Medicare program funds from the Centers for Medicare and Medicaid Services, to which the defendants knew they were not entitled.

In violation of Sections 641 and 2, Title 18, United States Code.

## COUNT 13

42. The Grand Jury realleges paragraphs 1 through 33 of Count 1 above and incorporates them herein.

43. Beginning in or around June 2000, and continuing to in or around April 2005, in Forrest County in the Hattiesburg Division of the Southern District of Mississippi and elsewhere, the defendants, **THEDDIS MARCEL PEARSON and TELANDRA GAIL JONES**, did knowingly conspire with each other, and others known and unknown to the Grand Jury, to commit a certain offense against the United States, that is: knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction which involved the proceeds of specified

unlawful activity, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Section 1956(a)(1)(B)(i), Title 18, United States Code.

44. It was a part of the conspiracy that the defendants negotiated, arranged and carried out transactions involving the transfer of the proceeds of violation of Title 18, United States Code, Sections 641, 1035, 1347 and 286, from the STATEWIDE PHYSICAL MEDICINE GROUP, INC. checking account located at Bank of America and ending in account number 8045, into various other financial accounts controlled by the defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES**, in order to create the appearance that the proceeds of specified unlawful activity were obtained by the defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES,** from a source other than STATEWIDE PHYSICAL MEDICINE GROUP, INC.

## OVERT ACTS

45. To accomplish the objects of the conspiracy, the defendants and their co-conspirators committed various overt acts within the Southern District of Mississippi and elsewhere, including, but not limited to, the following:

   a. On or about December 14, 2004, the defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES**, transferred $2,000,000.00 from an account in the name of Statewide Physical Medicine, held at Bank of America, and ending in number 8045, to an account in the name of Statewide Rehabilitation Services, Inc., held at Bank of America, and ending in number 6962.

   b. On or about December 17, 2004, the defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES**, transferred $2,000,000.00 from an account in the

name of Statewide Rehabilitation Services, Inc., held at Bank of America, and ending in number 6962, to an account in the name of Premier Dialysis, Inc., held at Bank of America, and ending in number 5895.

    c.    On or about January 18, 2005, the defendant, **TELANDRA GAIL JONES,** wrote a check to the defendant, **THEDDIS MARCEL PEARSON,** in the amount of $1,000,000.00 drawn on an account in the name of Premier Dialysis, Inc., held at Bank of America, and ending in number 5895.

    d.    On or about January 18, 2005, the defendant, **THEDDIS MARCEL PEARSON,** deposited a check for $1,000,000.00, drawn on drawn on an account in the name of Premier Dialysis, Inc., held at Bank of America, and ending in number 5895, into an account in the name of TMP Ventures, held at Bank of America and ending in account number 4990.

    e.    On or about January 25, 2005, the defendant, **TELANDRA GAIL JONES,** wrote a check to herself, in the amount of $1,000,000.00 drawn on an account in the name of Premier Dialysis, Inc., held at Bank of America, and ending in number 5895.

    f.    On or about January 25, 2005, the defendant, **TELANDRA GAIL JONES,** deposited a check for $1,000,000.00, drawn on an account in the name of Premier Dialysis, Inc., held at Bank of America, and ending in number 5895, into an account in her name, held at the Credit Union of Texas, and ending in number 4690.

All in violation of Section 1956(h), Title 18, United States Code.

## NOTICE OF FORFEITURE

46.    The allegations of Counts 1 through 13 of this indictment are re-alleged and incorporated herein by reference as if set out in full, for the purpose of alleging forfeitures to the

United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(7) and Title 18, United States Code, Section 981(a)(1)(C).

47. As a result of the offenses alleged in Counts 1 and 12, the defendants, **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS** and **ALONZA WILLIAMS,** shall forfeit to the United States all property, real and personal, constituting or derived, directly or indirectly from gross proceeds traceable to the aforestated offenses, to which the defendants **THEDDIS MARCEL PEARSON, TELANDRA GAIL JONES, DUNK A. ELLIS, III, COLLIE CRUTCHER, PATRICK ARNOLD, CASSANDRA THOMAS** and **ALONZA WILLIAMS,** are jointly and severally liable, including but not limited to the gross proceeds from the operation of the STATEWIDE PHYSICAL MEDICINE GROUP, INC., and all property derived from the gross proceeds traceable to the alleged health care fraud offenses.

48. As a result of the offenses alleged in Counts 2 through 11, the defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES,** shall forfeit to the United States all property, real and personal, constituting or derived, directly or indirectly from gross proceeds traceable to the aforestated offenses, to which the defendants **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES,** are jointly and severally liable, including but not limited to the gross proceeds from the operation of the STATEWIDE PHYSICAL MEDICINE GROUP, INC., and all property derived from the gross proceeds traceable to the alleged health care fraud offenses.

49. As a result of the offenses alleged in Count 13, the defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES,** shall forfeit to the United States all

property involved in the aforestated offense, to which the defendants, **THEDDIS MARCEL PEARSON** and **TELANDRA GAIL JONES,** are jointly and severally liable.

The proceeds of the offenses alleged in Counts 1 through 12, and the property involved in Count 13 include, but are not limited to the following:

## PERSONAL PROPERTY

(1)  **$489.39 in U.S. Currency** seized from Ameritrade Account No. XXX-XX1301

(2)  **$1,001,580.75 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX0805

(3)  **$716,501.37 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX4990

(4)  **$412,796.95 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX9952

(5)  **$90,734.65 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX5895

(6)  **$244,030.59 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX6962

(7)  **$25,966.62 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX4095

(8)  **$8,273.30 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX6690

(9)  **$4,113.08 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX2594

(10) **$5,000.00 in U. S. Currency** seized from Bank of America Account No. XXXXXXXX8045

(11) **$100,801.37 in U. S. Currency** seized from Professional Bank Certificate of Deposit Account No. XXX1129

(12) **$100,801.37 in U. S. Currency** seized from Professional Bank Certificate of Deposit Account No. XXX1111

    (13)    **$46,834.63 in U. S. Currency** seized from Professional Bank Certificate of Deposit Account No. XXX0410

    (14)    **$847,906.91 in U. S. Currency** seized from Credit Union of Texas Account No. XXX4690

<u>REAL PROPERTY</u>

### PARCEL NO. 1

LOT 18, IN BLOCK 1, AMENDING PLAT BAINBRIDGE ESTATES, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE 421119 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS

Also known as 3607 Whidbey Court, Spring, TX 77388.

### PARCEL NO. 2

LOT 955, OF LAKE RIDGE SECTION SEVEN, PHASE TWO, AN ADDITION TO THE CITY OF CEDAR HILL, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 99062, PAGE 68, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS

Also known as 1316 Overlook Circle, Cedar Hill, Texas 75104.

### PARCEL NO. 3

ALL OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER AND THE WEST HALF OF THE SOUTHEAST QUARTER LYING NORTH OF A PUBLIC ROAD IN SECTION 31, TOWNSHIP 7 NORTH, RANGE 12 WEST, FIRST JUDICIAL DISTRICT, JONES COUNTY, MISSISSIPPI; TOGETHER WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THEREUNTO BELONGING.

INDEXING INSTRUCTION: SW 1/4 OF THE NE 1/4 AND THE NW 1/4 OF THE SE 1/4 AND THE SW 1/4 OF THE SE 1/4 SECTION 31, TOWNSHIP 7 NORTH, RANGE 12 WEST, FIRST JUDICIAL DISTRICT, JONES COUNTY, MISSISSIPPI

Also known as 607 Moselle Oak Grove Road, Ellisville, Mississippi 39437.

50.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to Section 853, Title 21, United States Code, hereby seeks forfeiture of other property of said defendants up to the value of all such forfeitable property.

All pursuant to Sections 982 and 981(a)(1)(A) & (a)(1)(C), Title 18, United States Code, and Section 2461(C), Title 28, United States Code.

*[signature: John M. Donaly Jr.]*
STAN HARRIS
United States Attorney

A TRUE BILL:

s/ signature redacted
Foreperson of the Grand Jury